**Bernard SAMOFF, Regional Director of the Fourth Region of the National Labor Relations Board, For and on Behalf of the NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**HIGHWAY TRUCK DRIVERS AND HELPERS, LOCAL 107, a/w International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Respondent.**

**Civ. A. No. 73–96.**

United States District Court,
E. D. Pennsylvania.

Jan. 24, 1973.

Robert D. Kaplan, Allen B. Roberts, N. L. R. B., Philadelphia, Pa., for petitioner.

Howard J. Casper, Davis, Casper & Muller, Philadelphia, Pa., for respondent.

## FINDINGS OF FACT, DISCUSSION, CONCLUSIONS OF LAW, AND ORDER

HANNUM, District Judge.

The Regional Director of the Fourth Region of the National Labor Relations Board has brought this action for a temporary injunction pursuant to Section 10(*l*) of the National Labor Relations Act, as amended (hereinafter called the Act). The petitioner seeks to enjoin the respondent, Highway Truck Drivers and Helpers, Local 107 (Local 107) from picketing Maurice Bell Fuel Corp. (Bell) for a purpose of recognition or organization pending disposition by the Board of a complaint charging the union with violations of Section 8(b)(7)(B) of the Act. This section prohibits picketing where an object is organization or recognition if a valid election has been held within the preceding 12 months. Local 107 contends that the sole object of its picketing is to maintain "area standards". A hearing was held on January 16, 1973. All parties were afforded full opportunity to be heard, to examine and cross-examine witnesses, and to argue on the evidence and the law. Upon the entire record, the Court makes the following:

## FINDINGS OF FACT

1. Petitioner is Regional Director of the Fourth Region of the Board, an agency of the United States, and filed this petition for and on behalf of the Board.

2. On or about January 8, 1973, Bell filed a charge with the Board alleging that Local 107 has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(b)(7)(B) of the Act.

3. The aforesaid charge was referred to the Regional Director of the Fourth Region of the Board.

4. There is, and petitioner has, reasonable cause to believe that:

(a) Local 107 is an unincorporated association in which employees participate, and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work.

(b) Local 107 maintains its principal office at 105 Spring Garden Street, Philadelphia, Pennsylvania, and at all times material herein, respondent has been engaged within this judicial district in transacting business and in promoting and protecting the interests of its employee members.

(c) Bell is a Pennsylvania corporation engaged in Philadelphia, Pennsylvania, in the retail and wholesale coal and fuel oil business. In the operation of its business, Bell annually has gross retail sales exceeding $500,000 and it annually purchases fuel valued in excess of $50,000 from firms within Pennsylvania, which firms purchase said fuel directly from outside the Commonwealth of Pennsylvania.

(d) Local 107 is not currently certified as the representative of any of Bell's employees.

(e) On or about December 28, 1972, the Board, pursuant to the provisions of the Act, duly conducted an election by secret ballot among the employees of Bell in a unit consisting of all drivers, including service mechanic drivers, excluding truck mechanics, dispatchers, office clerical employees, guards, watchmen and supervisors as defined in the Act. At said election, a majority of the above employees voted against being represented by any labor organization.

(f) On or about January 8, 1973, the Regional Director of Region Four of the Board, pursuant to the provisions of the Act, duly issued his Certification of Results of Election certifying that a majority of the valid ballots in the aforesaid election had not been cast for any labor organization appearing on the ballot and that no labor organization is the exclusive representative of the unit of employees described in Findings of Fact 4(e), above.

(g) No charge has been filed with the Board under Section 8(a)(2) of the Act alleging that the Employer has unlawfully recognized or assisted any labor organization.

(h) Since on or about December 18, 1972, Local 107 has been engaged in picketing Bell's place of business at 126 Washington Avenue, Philadelphia, Pennsylvania. Signs carried by the pickets state that Bell pays less than the standard wage for the area.

(i) Local 107 has not investigated the rate being paid by Bell.

(j) Frank Amoroso, an organizer, or assistant organizer, of Local 107, made statements to William Bell and Peter DeStefano of Bell indicating that recognition and organization were objects of the picketing. Amoroso also handed out one pledge card and had more readily available.

(k) The statements and conduct referred to in Finding 4(j) were within the scope of Amoroso's authority as a representative of Local 107.

(l) An object of the picketing has been and is, to force and require Bell to recognize or bargain with Local 107 as the representative of employees of Bell and to force or require employees of Bell to accept or select Local 107 as their collective bargaining representative, notwithstanding that Local 107 is not currently certified as the representative of such employees and a valid election under the Act has been conducted within the preceding 12 months.

(m) The acts and conduct of Local 107 set forth in the above Findings, occurring in connection with the operations of Bell, have a close, intimate, and substantial relation to trade, traffic and commerce among the several states and tend to lead to, and do lead to, labor

disputes burdening and obstructing commerce and the free flow of commerce.

5. It may fairly be anticipated that, unless enjoined, Local 107 will continue or repeat the acts and conduct set forth in these Findings, or similar or like acts and conduct.

## DISCUSSION

■ At the outset it should be emphasized that the Court is not required to make a determination on the merits of this controversy, that is, as to whether Local 107 violated Section 8(b)(7)(B) of the Act. The Court's role in a 10(*l*) application was enunciated in Schauffler v. Local 1291, Int'l Longshoremen's Ass'n, 292 F.2d 182 (3d Cir. 1961), as follows:

"[A] Section 10(*l*) injunction is interlocutory in nature and only remains in force pending the final adjudication of the Board with respect to the unfair labor practice charge. . . . The Board need not show that an unfair labor practice has been committed, but need only demonstrate that there is reasonable cause to believe that the elements of an unfair labor practice are present. Nor need the Board conclusively show the validity of the propositions of law underlying its charge; it is required to demonstrate merely that the propositions of law which it has applied to the charge are substantial and not frivolous.

. . .

\* \* \* \* \* \*

If, in a Section 10(*l*) proceeding, a district court or a court of appeals undertook to finally adjudicate such questions it would not be acting consistently with the congressional policy underlying Section 10(*l*). That Sec-

tion's usefulness as a tool with which the status quo may be preserved pending final adjudication would be diminished insofar as the Board would be required to finally litigate questions of substance at a preliminary stage. Moreover, the court would not have the benefit of the Board's opinion on questions of fact and novel questions of labor law when making its decision. Thus, the court would, to some extent, usurp the Board's function as the primary fact finder in cases arising under the Act and its function as primary interpreter of the statutory scheme." (292 F.2d 187, 188)

■ The question before the Court at this time is whether there is reasonable cause to believe that the picketing by Local 107 after the election of December 28, 1972 [1] has as a purpose the organization of Bell employees or the gaining of recognition by Bell as the bargaining agent for Bell's employees. Picketing is proscribed if recognition or organization is *an* object. Section 8(b)(7) applies despite the existence of other legitimate objectives. See Local 346, Leather Goods Union v. Compton, 292 F.2d 313 (1st Cir. 1961); Department & Specialty Store Employees' Union v. Brown, 284 F.2d 619 (9th Cir. 1961), cert. den'd 366 U.S. 934, 81 S.Ct. 1659, 6 L.Ed.2d 846.

■ Local 107 contends that the *sole* purpose of its picketing is to maintain area wage standards. A union may, of course, have a legitimate interest, apart from organization or recognition, in ensuring that employers meet prevailing wage scales. It is well settled that picketing solely for this purpose is not proscribed by the Act. Houston Building & Construction Trades Council,

[1]. The election was conducted pursuant to Section 8(b)(7), subparagraph (C) of the Act, which provides that when a union has picketed for a recognitional or organizational object and a petition for an election under Section 9(c) of the Act has been filed within the thirty days after the commencement of the picketing, ". . . the Board shall forthwith, without regard

to the provisions of [section 9(c)(1)] or the absence of a showing of a substantial interest on the part of the labor organization, direct an election in such unit as the Board finds to be appropriate and shall certify the results thereof . . . ." An election conducted pursuant to these provisions is commonly known as an "expedited" election.

136 N.L.R.B. 321 (1962); International Hog Carriers, Building & Common Laborers Union of America, Local 41, 130 N.L.R.B. 78 (1961). The crucial question, therefore, is whether there is reasonable cause to believe that Local 107 does not have as its "sole object" the protection of area standards. The Board contends that the standards objective is a pretext and that statements made on the picket line by union member Frank Amoroso further indicate that an objective of Local 107 is recognition or organization. Where evidence is presented that a union commenced "area standards" picketing prior to an investigation of the employer whose standards are being protested, a permissible inference may be drawn that the true objective is recognition or organization. N. L. R. B. v. United Brotherhood of Carpenters & Joiners of America, Local 745, 450 F.2d 1255 (9th Cir. 1971); Centralia Building & Construction Trades Council v. N. L. R. B., 124 U.S.App.D.C. 212, 363 F.2d 699 (1966). Local 107 concedes that it has never contacted Bell to find out what Bell's labor costs are or to inform Bell what it has to do, if anything, to meet the "area standard". With regard to the statements of Frank Amoroso, Local 107's president, Louis Bottone, testified that Amoroso was never given authority to hand out pledge cards or attempt to organize. He further stated that the only other person with any authority to act for the union is business agent Thomas O'Malley. Bottone also stated that if he wanted to organize he would go personally, but Amoroso would also go along. O'Malley testified that he sent Amoroso to the picket site to remove the pickets. Other evidence presented at the hearing revealed that the other pickets believed Amoroso was in charge of the picketing. Amoroso testified that he was an assistant organizer, hiring hall dispatcher, and maintenance man for Local 107. It is well settled that common law rules of agency govern the question of responsibility for violations of the Act. N. L. R. B. v. International Longshoremen's and Warehousemen's Union, Local 10, 283 F.2d 558 (9th Cir. 1960). The Third Circuit has held unions responsible for the actions of their pickets and stewards, and even for actions of persons who are not members, employers or officials of the union based upon circumstantial evidence of agency. N. L. R. B. v. Highway Truckdrivers & Helpers, Local No. 107, 300 F.2d 317 (3rd Cir. 1962); N. L. R. B. v. Brewery & Beer Distributor Drivers, Helpers & Platform Men, Local 830, International Brotherhood of Teamsters, 281 F.2d 319 (3d Cir. 1960); Schauffler v. Highway Truck Drivers & Helpers, Local 107, 230 F.2d 7 (3d Cir. 1956). In the present action there is sufficient circumstantial evidence to show that Amoroso, a utility man and emissary for Local 107, had authority to speak and act for the union.

■ For the foregoing reasons, the Court finds there is reasonable cause to believe that the elements of a Section 8(b)(7)(B) unfair labor practice are present and the Court shall, in order to preserve the issues for an orderly determination by the Board, grant the requested injunctive relief.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction of the parties and of the subject matter of this proceeding, and under Section 10(l) of the Act, is empowered to grant injunctive relief.

2. There is, and petitioner has, reasonable cause to believe, that:

(a) Local 107 is a labor organization within the meaning of Sections 2(5), 8(b) and 10(l) of the Act.

(b) Maurice Bell Fuel Corp. is engaged in commerce within the meaning of Section 2(6) and (7) of the Act.

(c) Local 107 has engaged in unfair labor practices within the meaning of Section 8(b)(7), subparagraph (B) of the Act and a continuation of these practices will impair the policies of the Act as set forth in Section 1(b) thereof.

3. To preserve the issues for the orderly determination as provided in the

Act, it is appropriate, just, and proper that, pending the final disposition of the matters herein involved pending before the Board, Local 107, its officers, representatives, agents, servants, employees, attorneys, and all members and persons acting in concert or participation with it or them, be enjoined and restrained from the commission, continuation, or repetition of the acts and conduct set forth in Findings of Fact 4(h) through (m) above, acts or conduct in furtherance or support thereof, or like or related acts or conduct, the commission of which in the future is likely or may fairly be anticipated from Local 107's acts and conduct in the past.

## ORDER GRANTING TEMPORARY INJUNCTION

This case came to be heard upon the verified petition of Bernard Samoff, Regional Director of the Fourth Region of the National Labor Relations Board, for and on behalf of said Board, praying for a temporary injunction pursuant to Section 10(*l*) of the National Labor Relations Act, as amended, pending the final disposition of the matters involved pending before said Board, and upon the issuance of an order to show cause why injunctive relief should not be granted as prayed in said petition. The Court, upon consideration of the pleadings, evidence, briefs, arguments of counsel and the entire record in the case, has made and filed its Findings of Fact and Conclusions of Law, finding and concluding that there is reasonable cause to believe that respondent has engaged in, and is engaging in, acts and conduct in violation of Section 8(b)(7), subparagraph (B) of said Act, affecting commerce within the meaning of Sections 2(6) and (7) of said Act, and that such acts and conduct will likely be repeated or continued unless enjoined.

Now, therefore, upon the entire record, it is

Ordered, adjudged and decreed that, pending the final disposition of the matters involved pending before the National Labor Relations Board, respondent,

Highway Truck Drivers and Helpers, Local 107, a/w International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, its officers, representatives, agents, servants, employees, attorneys and all members and persons acting in concert or participation with it or them, be, and they hereby are, enjoined and restrained from:

(a) Continuing its current picketing of Maurice Bell Fuel Corp.'s place of business located at 126 Washington Avenue, Philadelphia, Pennsylvania;

(b) Otherwise picketing or causing Maurice Bell Fuel Corp. or any other person to be picketed, or threatening to picket or cause Maurice Bell Fuel Corp. or any other person to be picketed, for a period of one year from the date that respondent ceases its picketing, where an object thereof is to force or require Maurice Bell Fuel Corp. to recognize or bargain with the respondent or any other labor organization as the representative of any of the employees of Maurice Bell Fuel Corp. or to force or require any of the employees of Maurice Bell Fuel Corp. to accept or select respondent, or any other labor organization, as their collective bargaining representative.